UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
TYRONE COWARD,

                      Plaintiff,

    - against -

NATIONAL RAILROAD PASSENGER
CORP.; RAUDY CRUZ; SECOND STREET
LEASING, LLC; and ALTICE USA, INC.,

                      Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

24-cv-7562 (BMC)

**COGAN**, District Judge.

The lack of knowledge of the membership of a limited liability company or limited partnership has at times caused an enormous waste of judicial and party resources when a party purports to invoke diversity jurisdiction and it turns out later that there wasn't any. As the Seventh Circuit held in Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692-93 (7th Cir. 2003):

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money. . . . Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one. That confesses a violation of Fed. R. Civ. P. 11. . . . [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

The Court sees no reason to take that risk here.

## BACKGROUND

Plaintiff brought this purported diversity case alleging he is a "resident" of Sicklerville, New Jersey[1] and that defendant Second Street Leasing, LLC is a "limited liability company formed and existing under the laws of the [s]tate of Connecticut." As plaintiff subsequently recognized, this was an inadequate allegation of defendant's citizenship because the citizenship of an LLC has nothing to do with its state of formation or principal place of business; rather, the citizenship of an LLC consists of the imputed citizenship of each one of its members. See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012) (citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)). This Court therefore issued an Order requiring plaintiff to show cause why the cause of action should not be dismissed for failing to adequately plead subject matter jurisdiction.

Plaintiff responded to the Order to Show Cause, in part, with a proposed amended complaint. It repeats the irrelevant allegation (because Second Street is an LLC) that Second Street is formed and existing under Connecticut law, and the equally irrelevant allegation (again, because Second Street is an LLC) that its principal place of business is in Connecticut. The proposed amended complaint then alleges that "upon information and belief, Mr. Mathew Zaloumis was and is a citizen of the State of Connecticut" and, most importantly, that "upon information and belief, Mr. Matthew Zaloumis, was the sole member of defendant Second Street." Plaintiff has also submitted Second Street's certificate of organization, which shows

---

[1] This is an inadequate jurisdictional allegation. See Travaglio v. Am. Express Co, 735 F.3d 1266, 1269 (11th Cir. 2013); Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.") (citations omitted); Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972) ("Allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.") (footnote omitted).

Zaloumis is the "managing member" of Second Street and that his residence address is in Connecticut.

## DISCUSSION

If there were an adequate basis for the "upon information and belief" allegation that Zaloumis is the sole member of Second Street, plaintiff would have properly invoked diversity jurisdiction. But there isn't. The only basis plaintiff has identified is that Second Street's certificate of organization is signed by its managing member, who happens to be Zaloumis. The certificate, consistent with limited liability company law in almost all 50 states, see Unif. Ltd. Liab. Co. Act § 201, 6C U.L.A. 61-62 (2013), does not state that he is the only member; for all plaintiff's lawyer knows, there could be two, three, or dozens of other members in addition to Zaloumis, of whose citizenship he has no idea. Positing that Zaloumis is the "sole member" is just wishful thinking on his part so he can get into federal court.

The pleading standard set forth by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), requires courts to remove conclusory assertions and legal conclusions in assessing the sufficiency of a complaint. There seems little doubt that the same standard governing substantive allegations in a complaint also applies to jurisdictional allegations. See MidCap Media Fin., LLC v. Pathway Data, Inc., 929 F.3d 310, 314 (5th Cir. 2019) (concluding that because plaintiff is an "LLC, the pleadings needed to identify [plaintiff's] members and allege their citizenship"); Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) ("[T]he Complaint is deficient because it contains no allegation as to the identity or citizenship of [the defendant LLC's] members."); Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (to plead jurisdiction under Fed. R. Civ. P. 8(a)(1), "[t]he plaintiff must allege facts, not mere legal conclusions, in compliance with the

3

pleading standards established by [Twombly] and [Iqbal]." (citation omitted)); cf. Wood v. Maguire Automotive, LLC, 508 F. App'x 65 (2d Cir. 2013) (complaint failed to properly allege subject matter jurisdiction because allegation of amount in controversy was "conclusory and not entitled to a presumption of truth." (citation omitted)).  Subject matter jurisdiction, after all, is the keystone upon which every event that occurs in the case depends.

Plaintiff has direct evidence from Second Street's certificate of organization that Zaloumis is a member of Second Street and a Connecticut resident because the certificate so states.  From that, plaintiff has inferred that Zaloumis is a Connecticut citizen, although citizenship requires a much more detailed inquiry than residency.  See fn. 1, supra.  He has further inferred that Zaloumis is the sole member of Second Street.  But even allowing that Zaloumis's citizenship based on his residence might be a "plausible" inference rather than a merely "possible" one under Twombly and Iqbal, it is a step too far to infer that Zaloumis is the only member of Second Street.

The certificate does not support an inference as to that question one way or the other.  Under Connecticut law, there is no requirement to publicly identify even a single member of the LLC.  It may designate either a manager or a member.  613A Conn. Gen. Stat. Ann. § 34-247(b)(4) (certificate of organization must contain "the name, business address and residence address of at least one manager or member of the limited liability company… ."). And as noted above, the certificate of organization has nothing to do with addressing how many members the LLC has.

If the inference as to sole membership could be drawn from the mere identification of one member, it would be all too easy to assert jurisdiction over any foreign LLC based on its

4

certificate of organization. In almost all jurisdictions, an LLC certificate identifies the member or a manager upon whom service may be made – and that's it.

As the use of LLCs in lieu of the corporate form has greatly expanded, the Supreme Court has acknowledged that from a business perspective, it may not make sense for diversity of citizenship purposes to distinguish between LLCs, limited partnerships, and other unincorporated business entities, on the one hand, and corporations, on the other hand: "The resolutions we have reached [regarding this distinction] can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." Carden v. Arkoma Assocs., 494 U.S. 185, 196 (1990). Nevertheless, the Supreme Court has concluded that any change is "'properly a matter for legislative consideration which cannot adequately or appropriately be dealt with by this Court.' . . . In other words, . . . we have left further adjustments to be made by Congress." Id. (quoting United Steelworkers of America, AFL-CIO v. R.H. Bouligny, Inc., 382 U.S. 145, 147 (1965)). Moreover, there have been proposals to amend the Judicial Code to treat LLCs the same as incorporated entities for purposes of diversity jurisdiction, but none have ever been adopted. See e.g., American Bar Association, "Resolutions with Reports to the House of Delegates" Item No. 103B (Aug. 2015), https://www.americanbar.org/content/dam/aba/administrative/house_of_delegates/ebook-of-resolutions-with-reports/2015_hod_annual_meeting_electronic_report_book.pdf.

Congress must, of course, be aware of the promulgation of LLCs as a desirable business entity form. It must also be aware that few, if any, states require under their limited liability company statutes that organizers publicly file a list of their members, making it more difficult to allege their citizenship in federal court. Although one cannot read too much intent into a congressional failure to act, see Alexander v. Sandoval, 532 U.S. 275, 292 (2001), Congress has

in fact considered, and rejected, whether to bring the definition of LLC citizenship in line with that of a corporation. Indeed, in the Class Action Fairness Act, it has redefined the citizenship of an LLC for purposes of diversity, thus making cases involving LLCs more amenable to federal jurisdiction. See Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1237 n.1 (10th Cir. 2015); Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698 (4th Cir. 2010). But it has not done so generally, and courts should not liberalize the requirements where Congress has not.

No doubt, this can make it hard for a plaintiff to sue an LLC in federal court, as one of the purposes of forming an LLC may be to deter public identification of its members. Cf. U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC, No. 09-cv-00697, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009) ("While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." (citing Carden, 494 U.S. at 196)). As the Eleventh Circuit has noted, this means there is "difficulty [in] applying established diversity jurisdiction principles to 21st-century business organizations." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017). But that is the way Congress has left it. The Court is not going to circumvent the statute by finding that it has diversity jurisdiction based on a conclusory allegation than an interest holder is the sole interest holder.

## CONCLUSION

Plaintiff's second cause of action is dismissed for lack of diversity jurisdiction.[2]

**SO ORDERED.**

                                                           *Brian M. Cogan*
                                                       U.S.D.J.

Dated: Brooklyn, New York
       November 12, 2024

---

[2] Plaintiff originally pled supplemental jurisdiction as to the second cause of action, but has acknowledged that the first and second causes of action arise out of separate transactions or occurrences and thus there is no supplemental jurisdiction.